UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| RODGERICK SEAN BOOTH #188768, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:05-cv-240 |
| ) | |
| v. ) | HON. GORDON J. QUIST |
| ) | |
| WILLIAM BOTOS, et al., ) | |
| ) | **OPINION** |
| Defendants. ) | |
| ) | |

      This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) ("PLRA"), the court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. The court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). Applying these standards, the court will dismiss Plaintiff's complaint, in part, for failure to state a claim.

**Discussion**

I.  Factual Allegations

Plaintiff Rodgerick Sean Booth, an inmate at the Chippewa Correctional Facility (URF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Corrections Officer William Botos and Michigan State Police Sergeant Joseph Shier. In his complaint, Plaintiff states that on May 7, 2005, Defendant Botos intentionally struck Plaintiff in his "scrotum pouch" with enough force to cause Plaintiff to grit his teeth in pain. Plaintiff filed a grievance asserting that he had been sexually assaulted by Defendant Botos. In addition, Plaintiff sent correspondence to Defendant Shier, seeking to have criminal charges brought against Defendant Botos. Defendant Shier refused to file charges against Defendant Botos. Plaintiff seeks compensatory and punitive damages.

II.  Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177, 114 S. Ct. 1218 (1994). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2255 (1988); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271, 114 S. Ct. 807, 811 (1994).

Plaintiff claims that Defendant Shier violated his right to have his claim against Defendant Botos investigated by the Michigan State Police. However, no such right exists. *White v. City of Toledo*, 217 F. Supp. 2d 838, 841 (N.D. Ohio, Sept. 18, 2002); *Langworthy v. Dean*, 37 F. Supp. 2d 417, 422 (D. Maryland, Feb. 8, 1999) (both citing *DeShaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189, 195, 109 S. Ct. 998 (1989)). "No federal appellate court, including the Supreme Court . . . has recognized that there is a federally enforceable right for the victim [of a crime] to have criminal charges investigated at all." *White*, 217 F. Supp. 2d at 841-42; *Langworthy*, 37 F. Supp. 2d at 422. The conclusion that such a right does not exist is supported by the fact that there is no federally protected right to compel the prosecution of a criminal activity. *Diamond v. Charles*, 476 U.S. 54, 63, 106 S. Ct. 1697, 1704 (1986); *Linda R. S. v. Richard D.*, 410 U.S. 614, 619, 93 S. Ct. 1146, 1149 (1973); *Associated Builders & Contractors v. Perry*, 16 F.3d 688, 691-92 (6th Cir. 1994). Therefore, because Plaintiff has not shown the deprivation of a federally protected right, his claim against Defendant Shier is properly dismissed.

Plaintiff claims that Defendant Botos' conduct violated his right to equal protection. To prove his equal protection claim, Plaintiff must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiff has made no such allegation. Accordingly, Plaintiff's equal protection claim is insufficient to warrant service and is properly dismissed.

Finally, the Court construes Plaintiff's complaint to include a claim that Defendant Botos violated Plaintiff's rights under the Eighth Amendment. "[B]ecause the sexual harassment

or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the 'unnecessary and wanton infliction of pain' forbidden by the Eighth Amendment." *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (quoted cases omitted). "To prevail on a constitutional claim of sexual harassment, an inmate must therefore prove, as an objective matter, that the alleged abuse or harassment caused 'pain' and, as a subjective matter, that the officer in question acted with a sufficiently culpable state of mind." *Freitas*, 109 F.3d at 1338 (citing *Hudson v. McMillian*, 503 U.S. 1, 8 (1992)). The court concludes that Plaintiff's allegations that Defendant Botos forcefully struck him in the scrotum are sufficient to withstand initial screening. Therefore, Plaintiff's Eighth Amendment claim against Defendant Botos may not be dismissed at this time.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the court determines that Plaintiff's action fails to state a claim and will therefore be dismissed, in part, pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c).

An order consistent with this opinion will be entered.


Dated:  November 30, 2005                                    /s/ Gordon J. Quist
                                                                                          GORDON J. QUIST
                                                                         UNITED STATES DISTRICT JUDGE