UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RODGERICK SEAN BOOTH #188768,

    Plaintiff,

v.                                                                             Case No. 2:05-cv-240
                                                                           HON. GORDON J. QUIST

WILLIAM BOTOS, et al.,

    Defendants.
_____/

## OPINION AND ORDER REJECTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge on October 6, 2006, which recommended that Defendant Botos' motion for summary judgment be granted and that the case be dismissed in its entirety. The Report and Recommendation was duly served on the parties. The Court received objections from the Plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made.

The Court recognizes that a gratuitous punch or kick to a prisoner's genitals would constitute cruel and unusual punishment in violation of the Eighth Amendment. On this point, the Ninth Circuit has observed: "To suppose that any reasonable person, let alone a trained prison officer, would not know that kicking a helpless prisoner's genitals was cruel and unusual conduct is beyond belief." *Watts v. McKinney*, 394 F.3d 710, 712 (9th Cir. 2005). Because the case is before the Court upon Defendant Botos' motion for summary judgment, the Court must construe the evidence in a light most favorable to Plaintiff and give Plaintiff the benefit of all reasonable inferences. Although this case does not involve a kick to a helpless prisoner's genitals, Plaintiff

alleges that Defendant "struck" his genitals without provocation. Plaintiff alleges that the act occurred during a legitimate and routine prison procedure, and it may be that the alleged contact and injury was merely incidental to the "shakedown" and not intended by Defendant Botos. On the other hand, Plaintiff's allegation of being "struck" suggests an intent to inflict pain. Thus, construed in favor of Plaintiff, this Court believes that the facts are sufficient to support an Eighth Amendment claim. In addition, Plaintiff asserts that there is video footage of the incident and other evidence supporting his claim. If such evidence does exist, it may help to bolster, or it may refute, Plaintiff's allegations. Thus, at this early stage in the case and without the benefit of some discovery, the Court concludes that Plaintiff has presented sufficient evidence to survive the instant motion for summary judgment. However, the denial of the motion for summary judgment shall be without prejudice to Defendant Botos' right to renew his motion based upon additional evidence. Therefore,

**IT IS HEREBY ORDERED** that Defendant Botos' motion for summary judgment (docket no. 13) is **DENIED WITHOUT PREJUDICE**.

Dated: March 30, 2007               /s/ Gordon J. Quist
                                     GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE