UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RODGERICK SEAN BOOTH,

    Plaintiff,

v.                                                      Case No. 2:05-cv-240
                                                          HON. GORDON J. QUIST

WILLIAM BOTOS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Rodgerick Sean Booth, an inmate at the Chippewa Correctional Facility (URF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Corrections Officer William Botos and Michigan State Police Sergeant Joseph Shier.  On November 30, 2005, the court entered an order dismissing all claims except Plaintiff's Eighth Amendment claim against Defendant Botos.  Defendant Botos filed a motion for summary judgment which was denied by the court.  The court explained that:

> Construed in favor of Plaintiff, this Court believes that the facts are sufficient to support an Eighth Amendment claim.  In addition, Plaintiff asserts that there is video footage of the incident and other evidence supporting his claim.  If such evidence does exist, it may help bolster, or it may refute, Plaintiff's allegations.  Thus, at this early stage in the case and without the benefit of some discovery, the Court concludes that Plaintiff has presented sufficient evidence to survive the instant motion for summary judgment.  However, the denial of the motion for summary judgment shall be without prejudice to Defendant Botos' right to renew his motion based upon additional evidence.

Plaintiff's complaint alleges that on May 7, 2005, Defendant Botos intentionally struck Plaintiff in his "scrotum pouch" with enough force to cause Plaintiff to grit his teeth in pain. Plaintiff filed a grievance asserting that he had been sexually assaulted by Defendant Botos. Plaintiff seeks compensatory and punitive damages.

Presently before the Court is Defendant Botos' Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas*

*& Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

In support of his first motion for summary judgment, Defendant Botos stated that Plaintiff has failed to show that he suffered a physical injury as a result of the alleged misconduct. Plaintiff alleged that during a routine contraband pat-down search, Defendant Botos intentionally struck Plaintiff in his "scrotum pouch" with enough force to cause Plaintiff to grit his teeth in pain. Defendant Botos attested that he does not recall this specific incident, but states that he usually performs between 10 and 20 shakedowns per day as part of his duties as a corrections officer.

Sergeant Krause spoke with Plaintiff after the alleged incident on two occasions. Sergeant Krause demonstrated to Plaintiff a proper shakedown. Sergeant Krause attests that Plaintiff agreed that Defendant Botos conducted a proper shakedown, but was too "vigorous." Sergeant Krause viewed video camera footage from the area of the incident, but the video did not show the shakedown. The matter was investigated by the MDOC Internal Affairs which concluded with a finding that Defendant Botos did not engage in any wrongdoing.

Plaintiff testified at his deposition:

> And, you know – and he grabbed them real aggressively, like you know, pulling me up, you know. If I wasn't trying to maintain my balance with strength, then I would have been pulled off balance; that's how hard he was, you know, shaking me down. And then when he went down and – went down on my left leg and came up with his right hand right into my groin area real hard, you know. I felt the rush, you know, being hit in the groin area, you know. But I didn't break away from keeping still because I knew that if I would have, you know, said anything or moved awkwardly, he would have sent me to the hole because that's the way he does things, you know. He'll provoke the prisoners and then send them to the hole.

Plaintiff's Deposition at 9. Plaintiff described the contact as "rough grabs." *Id.* at 11. Plaintiff stated that he suffered pain and humiliation. *Id*. at 13. Plaintiff stated that he knew the pain was temporary and it lasted approximately 15 seconds. *Id.* at 13-14.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged "must result in the denial of 'the minimal civilized measure of life's necessities.'" *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-601 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348. Moreover, "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

Plaintiff's claim must be analyzed under the Supreme Court authority limiting the use of force against prisoners. This analysis must be made in the context of the constant admonitions by the Supreme Court regarding the deference that courts must accord to prison or jail officials as they attempt to maintain order and discipline within dangerous institutional settings. *See, e.g.*, *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986).

Generally, restrictions and even harsh conditions of confinement are not necessarily cruel and unusual punishment prohibited by the Eighth Amendment. *Rhodes*, 452 U.S. 347. The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated

in *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986), should be applied. *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Under *Whitley*, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. In determining whether the use of force is wanton and unnecessary, the court should evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and any efforts made to temper the severity of the forceful response. *Id.* (citing *Whitley*, 475 U.S. at 321); *accord McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990).

It is clear that Plaintiff's assertion of sexual harassment is not an issue in this case. Plaintiff cannot show that Defendant Botos' conduct was sexual harassment. The remaining question is whether Defendant Botos used excessive force when conducting the pat-down. Plaintiff has alleged that Defendant Botos struck Plaintiff's scrotum during the pat-down causing Plaintiff approximately 15 seconds of unnecessary pain. Plaintiff argues that the 15 seconds of pain that he experienced was far more than de minimus pain and caused him to grit his teeth. Plaintiff also asserts, now for the first time, that he started experiencing "very sharp pain in his groin area a few months after being struck in the scrotum pouch." Plaintiff alleges that he has been given Motrin for pain that he has used now for two years. Plaintiff alleges that he suffers with extreme emotional stress and alleges an actual injury of mental anguish.

In denying the previous motion, the court provided Plaintiff with time for discovery of additional evidence that Plaintiff alleged would help his case. Plaintiff has provided some new allegations, but has completely failed to present additional evidence that supports his claim. It is now clear that Plaintiff's initial allegations of sexual assault are unfounded. Plaintiff was subjected to a routine shake-down, where he was allegedly struck during the course of the shakedown in the

groin area and roughly grabbed in the groin area. At best, Plaintiff asserts that he suffered temporary pain for 15 seconds. At his September 2007 deposition, Plaintiff provided testimony that the pain was temporary. Plaintiff testified that he only experienced temporary pain for 15 seconds during the incident. Plaintiff never stated in his deposition that he was experiencing pain for a two year period or within several months after the incident and that he was taking Motrin for his pain. Now, for the first time in response to this motion for summary judgment, plaintiff is alleging that he began experiencing pain several months later and has been taking Motrin for two years to relieve himself of the pain. Plaintiff alleges that he had to see a doctor for pain nearly one year after this incident on April 26, May 16, May 27, and June 12, 2006. Both plaintiff's original and new allegations are unsupported in the record. At best, plaintiff was struck in the groin during a routine pat-down for contraband. Plaintiff experienced temporary pain that went away after 15 seconds. This was an isolated occurrence that, in the opinion of the undersigned, cannot support an Eighth Amendment cause of action without supporting evidence. Plaintiff has presented the court with no circumstantial or actual evidence. Plaintiff cannot establish that Defendant Botos acted with deliberate indifference while conducting the shake-down.

Defendant Botos claims that he is entitled to qualified immunity. Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987).

The procedure for evaluating claims of qualified immunity is tripartite: First, we determine whether a constitutional violation occurred; second, we determine whether the right that was violated was a clearly established right of which a reasonable person would have known; finally, we determine whether the plaintiff has alleged sufficient facts, and supported the allegations by sufficient evidence, to indicate that what the official allegedly did was objectively unreasonable in light of the clearly established constitutional rights. *Williams v. Mehra*, 186 F.3d 685, 690 (6th Cir. 1999).

When determining whether a right is clearly established, this court must look first to decisions of the United States Supreme Court, then to decisions of the Sixth Circuit and to other courts within this Circuit, and finally to decisions of other circuits. *Dietrich*, 167 F.3d at 1012. An official action is not necessarily protected by qualified immunity merely because the very action in question has not previously been held to be unlawful. Rather, in light of pre-existing law, the unlawfulness of the official's conduct must be apparent. *Dietrich*, 167 F.3d at 1012; *Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir. 1991).

When making a qualified immunity analysis, the facts must be interpreted in the light most favorable to the plaintiff. Part of the analysis is to determine whether there are any genuinely disputed questions of material fact. *Kain v. Nesbitt*, 156 F.3d 669, 672 (6th Cir. 1998). Where there is a genuinely disputed question of fact, it is for the trier of fact to resolve, not the judge. "This would be true notwithstanding that the trial judge found the [defendant] officer to be more credible than the plaintiff because it is not for the court to make credibility determinations at this stage of the proceeding." *Id.*

The operation of the qualified immunity standard depends substantially upon the level of generality at which the relevant legal rule is to be identified.

> The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in light of the preexisting law the unlawfulness must be apparent.

*Anderson*, 483 U.S. at 639-40.  *See also Durham v. Nu'Man*, 97 F.3d 862, 866 (6th Cir. 1996), *cert. denied*, 520 U.S. 1157 (1997).

The Sixth Circuit has observed:

> A right is not considered clearly established unless it has been authoritatively decided by the United States Supreme Court, the Court of Appeals, or the highest court of the state in which the alleged constitutional violation occurred.

*Durham*, 97 F.3d at 866 (citing *Robinson v. Bibb*, 840 F.2d 349, 351 (6th Cir. 1988)).

Thus qualified immunity is not triggered only where the very action in question was previously held unlawful.  *Anderson*, 483 U.S. at 639-40.  Rather, the test is whether the contours of the right were sufficiently clear that a reasonable official would understand that what he is doing violated plaintiff's federal rights.  *Id.*

Furthermore, a defendant need not actively participate in unlawful conduct in order to be liable under Section 1983.  Rather, a defendant may be liable where he has a duty to protect a plaintiff and fails to comply with this duty.  *Durham*, 97 F.3d at 866-868 (holding that a nurse and a security guard at a state hospital may be liable under Section 1983 where they do not take action to prevent a patient from being beaten).  *See also McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990)(a correctional officer who observes an unlawful beating may be liable under Section 1983 even though he did not actively participate in the beating), and *Bruner v. Dunaway*, 684 F.2d 422 (6th Cir. 1982), *cert. denied sub nom*, *Bates v. Bruner*, 459 U.S. 1171 (1983)(police officers who

stood by and observed an unlawful beating by fellow officers could be held liable under Section 1983).

When faced with a qualified immunity defense, the court must first determine whether or not the plaintiff has stated a claim upon which relief can be granted. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Turner*, 119 F.3d at 429. If the court answers that question in the affirmative, the court goes on to determine whether or not the right allegedly violated was clearly established. *Id*. These are both purely legal questions. The immunity issue should not be resolved if there are factual disputes on which the issue of immunity turns such that it cannot be determined before trial whether the defendants' conduct violated clearly established rights. *Hall v. Shipley*, 932 F.2d 1147, 1154 (6th Cir. 1991). In this case, Plaintiff's unsupported allegations against Defendant Botos do not rise to the level of an Eighth Amendment violation. Therefore, the undersigned concludes that Defendant Botos is entitled to qualified immunity.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendant's Motion for Summary Judgment. Accordingly, it is recommended that Defendant's Motion for Summary Judgment (Docket #59) be granted and this case be dismissed in its entirety.

Further, if the court adopts this recommendation the court should decide that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court grants defendants' motion for summary judgment, the court can discern no good-faith basis for an appeal. It is recommended that should the plaintiff appeal this decision, the court assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is

barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he should be required to pay the $455 appellate filing fee in one lump sum.

    NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

               /s/ Timothy P. Greeley
                TIMOTHY P. GREELEY
                UNITED STATES MAGISTRATE JUDGE

Dated:   March 27, 2008