UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RODGERICK SEAN BOOTH,

    Plaintiff,

v.                                                                              Case No. 2:05-CV-240

WILLIAM BOTOS, et al.,                                        HON. GORDON J. QUIST

    Defendants.
_____/

## OPINION REGARDING PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION

The Court has before it Plaintiff's Objections to the report and recommendation dated March 27, 2008, in which Magistrate Judge Greeley recommended that the Court grant Defendant's motion for summary judgment and dismiss the case. In his complaint, Plaintiff alleges that Defendant Botos violated Plaintiff's Eighth Amendment rights when, in the course of conducting a routine shake-down, Defendant Botos intentionally struck Plaintiff in his "scrotum pouch" with enough force to cause Plaintiff to grit his teeth in pain. Plaintiff also made allegations of sexual harassment. The magistrate judge recommended that Defendant's motion be granted because Plaintiff's allegations of sexual harassment are unfounded, and Plaintiff's claim of excessive force fails in light of Plaintiff's admission that he experienced only temporary pain lasting approximately 15 seconds and the absence of evidence that Defendant Botos acted with deliberate indifference while conducting the shake-down. Finally, the magistrate judge concluded that Defendant Botos is entitled to qualified immunity.

After conducting a *de novo* review of the report and recommendation, the Court concludes that the report and recommendation should be adopted.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46, 101 S. Ct. 2392, 2398-99 (1981). The amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346, 101 S. Ct. at 2399). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347, 101 S. Ct. at 2399; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

Generally, restrictions and even harsh conditions of confinement are not necessarily cruel and unusual punishment prohibited by the Eighth Amendment. *Rhodes*, 452 U.S. 347, 101 S. Ct. at 2399. The Supreme Court has held that "whenever guards use force to keep order," the standards enunciated in *Whitley v. Albers*, 475 U.S. 312, 106 S. Ct. 1078 (1986), should be applied. *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S. Ct. 995, 999 (1992). Under *Whitley*, the core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7, 112 S. Ct. at 999. In determining whether the use of force is wanton and unnecessary, the court should evaluate the need for application of force, the relationship between that need and the amount of force used, the threat "reasonably perceived by the responsible officials," and any efforts made to temper the severity of the forceful

2

response. *Id.* (citing *Whitley*, 475 U.S. at 321); *accord McHenry v. Chadwick*, 896 F.2d 184 (6th Cir. 1990).

In order to succeed on a claim under the Eighth Amendment, a plaintiff must prove both objective and subjective elements of cruel and unusual punishment. *See Comstock v. McCrary*, 273 F.3d 693, 702-03 (6th Cir. 2001). That is, the plaintiff must show that the defendant acted with a sufficiently culpable state of mind, and the alleged wrongdoing must be objectively harmful enough to establish a constitutional violation. *Hudson*, 503 U.S. at 8, 112 S. Ct. at 999. Although an injury need not be severe, it must amount to more than a *de minimis* use of force against the prisoner. *Id.* at 9-10, 112 S. Ct. at 1000. Moreover, "the good faith use of physical force in pursuit of valid penological or institutional goals will rarely, if ever, violate the Eighth Amendment." *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986).

Plaintiff testified in his deposition about the incident giving rise to his claim. Plaintiff stated that Defendant Botos ordered Plaintiff to submit to a shake-down as Plaintiff was coming out of the chow hall after dinner. (Pl.'s Dep. at 8.) Defendant Botos had Plaintiff lift his arms and put them out to his side. Defendant Botos then began searching Plaintiff's arms and moved to Plaintiff's stomach. (*Id.* at 8-9.) Defendant Botos then moved to Plaintiff's legs. Plaintiff described this part of the search as follows:

> A. And then when he went down and – went down on my left leg and came up with his right hand right into my groin area real hard, you know. I felt the rush, you know, being hit in the groin area, you know. But I didn't break away from keeping still because I know that if I would have, you know, said anything or moved awkwardly, he would have sent me to the hole because that's the way he does thing, you know. He'll provoke the prisoners and then send them to the hole.
>
> . . . .
>
> Q. So what happened – okay. So he's – just so I can understand exactly what happened, he started with your arms and then he went down with his hands the front of your chest; is that correct?

3

> A. Yeah, like my torso, you know, my front of my body with both hands to like probably my waist area and then he went down on my left leg, came up real fast, boom, into my scrotum pouch and then he continued to do it with the other leg, he didn't come up as hard with the right, but once he got back up into my groin area, you know, he started searching in my groin area with his hands kind of aggressively and then like - -
>
> . . . .
>
> Q. Okay. And that he – did he strike you also with his left hand as he was going up your right leg?
>
> A. No, it wasn't a strike. When he was going on my left leg, he wasn't as aggressive coming up the right leg but once he got up, then he started aggressively, you know, probing my groin area and thighs with his hand.
>
> Q. Okey. Was it like – you said "aggressively probing." Was it like a squeeze or was it like poking?
>
> A. Yeah, it was kind of like – it was kind of like rough grabs, you know, like, you know, he was searching for contraband or something, you know. But that's how it was, like, you know, rough grabs, you know. . . .

(*Id.* at 9-11.)

Plaintiff said that he suffered physical pain and had to grit his teeth, but that "maybe 15 seconds was the serious part of the pain, then it started to mellow out after that." (*Id.* at 14.) Plaintiff did not seek any type of medical treatment for the incident because he "knew the pain was temporary and [he] didn't have any other problems after the initial pain was gone." (*Id.* at 13.)

Based upon Plaintiff's own testimony, the magistrate judge was correct to conclude that Defendant Botos is entitled to summary judgment for two reasons. First, objectively viewed, Defendant Botos' use of force was not sufficient to give rise to a constitutional violation because the injury was *de minimis*. That is, according to Plaintiff, the pain lasted for about only fifteen seconds. Plaintiff further testified that he sought no medical treatment following the incident and had no other problems once the initial pain was gone. The use of force alleged by Plaintiff in this case is similar to, or even less severe than, the force used in other cases holding that the force was

4

*de minimis*.  For example, in *Rhoten v. Werholtz*, 243 F. App'x 364 (10th Cir. 2007), the plaintiff alleged that a prison guard, while conducting a pat-down, slammed him against the wall, squeezed his nipples and buttocks, and pulled on his testicles "real hard" causing him a great deal of pain. The plaintiff further alleged that the prison guard refused to give him a pass to seek medical treatment for his pain.  The district court dismissed the plaintiff's complaint for failure to state a claim, and the Tenth Circuit affirmed.  The court of appeals found that, even accepting the plaintiff's allegations as true, the alleged use of force was *de minimis*.  *See id.* at 366-67.  In addition, it noted that the medical evidence in the record showed that the defendant's use of force did not result in injury, thus confirming the court's conclusion that the use of force was not excessive.  *See id.*

In *Carpenter v. Sheriff of Roanoke City*, No. 7:05cv667, 2006 WL 2709691 (W.D. Va. Sept. 20, 2006), the plaintiff alleged that during a pat-down search, the defendant "ran his hands forcibly up Carpenter's leg, 'chopp[ed]' his testicles, and 'cupped [his] penis and testicals (sic) . . . and pulled violently down on them.'" *Id.* at *1.  The plaintiff alleged that he told the guard that he was in pain, but the guard just laughed at him and told him "'that is how it's done; and next time don't come to jail.'" *Id.*  The plaintiff further alleged that although he requested medical attention immediately, he was not seen until the following day and was provided with ibuprofen and an ice pack.  He did not allege that he suffered any ongoing pain or discomfort as a result of the incident. The plaintiff's medical records showed that he was examined two days after the incident based upon complaints of continuing pain, and upon examination, the medical staff noted a small amount of bruising but did not prescribe any pain medication.  The court concluded that the plaintiff failed to establish a constitutional violation because his injuries were *de minimis*. *Id.* at *4.  *See also Barber v. Pinion*, No. 1:04CV118, 2007 WL 2900362, at *5 (M.D.N.C. Feb. 13, 2007) (concluding the

5

plaintiff's allegation that the defendant sprayed him with pepper spray, causing him temporary pain, was *de minimis* in nature and could not support an Eighth Amendment violation).

Apart from the fact that the extent of the injury is insufficient to give rise to a constitutional violation, Plaintiff has failed to present any evidence to establish the subjective component of an Eighth Amendment claim, that is, that Defendant Botos acted with a sufficiently culpable state of mind. Stated differently, there is no evidence that Defendant Botos acted "maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7, 112 S. Ct. at 999. As an aside, the Court notes that *Rhoten*, *Carpenter*, and *Barber* all recognized that a purely *de minimis* use of force can support an Eighth Amendment claim if the use of force was both gratuitous (in other words, there was no legitimate need for force) and done for the purpose of sadistically imposing pain. *See Rhoten*, 243 F. App'x at 366; *Carpenter*, 2006 WL 2709691, at *4; *Barber*, 2007 WL 2900362, at *3. However, such circumstances did not exist in those cases. In *Carpenter*, the court stated that a pat-down search is a permissible means of ensuring that prisoners do not bring contraband or weapons with them into their cells, and a proper search would necessarily include a search of the inmate's groin area. *Carpenter*, 2006 WL 2709691, at *5.

In the instant case, there can be no argument that a shake-down is a proper prison security measure for ensuring that inmates do not possess contraband and/or weapons. In addition, there is no dispute that Defendant Botos was engaged in a legitimate shake-down of Plaintiff. Plaintiff's own testimony establishes that Defendant Botos was actually searching for contraband, instead of using the shake-down as merely an excuse to sadistically impose pain upon Plaintiff. In short, although Defendant Botos might have searched Plaintiff's groin area more aggressively than Plaintiff would have preferred, there is simply no evidence that Defendant Botos acted with malicious intent.

6

Finally, while Plaintiff now contends that he has experienced sharp pains in his groin area that were not present before the shake-down by Defendant Botos and for which he has been given Motrin, this evidence does nothing to further Plaintiff's claim. First, Plaintiff testified under oath at his deposition that he did not have any other problems after the pain was gone, and he may not now contradict that testimony with or without a sworn affidavit. *See Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986) ("A party may not create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts her earlier deposition testimony."). Second, as Plaintiff concedes in his objections, he is not a physician, and his conclusion that the pain that he now experiences was caused by Defendant Botos' alleged strike, which caused only about 15 seconds of pain, is based upon mere speculation that would not be admissible as evidence. Finally, even assuming that Plaintiff could establish such a connection, the fact remains that Plaintiff still has no evidence showing that Defendant Botos acted sadistically or maliciously, and the actual use of force was still *de minimis*.

Therefore, Plaintiff's objections will be overruled, and the Court will grant Defendant Botos' motion for summary judgment.

An Order consistent with this Opinion will be entered.


Dated: June 5, 2008                                /s/ Gordon J. Quist
                                                 GORDON J. QUIST
                                          UNITED STATES DISTRICT JUDGE